FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2006 DEC 15 PM 5: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

DIANE VON FURSTENBERG STUDIO,

Plaintiff,

vs.                                                                    Case No. 8:06-CV-2306-T-27TBM

RUDOLPH STROUD a/k/a RUDY STROUD
d/b/a SASHABOUTIQUE d/b/a HIGH_END_7564
d/b/a SUNNYFLORIDA26@YAHOO.COM;
JOHN DOES 1-15; and XYZ CORPS. 1-15,

**SEALED**

Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

### (FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116)

Plaintiff, DIANE VON FURSTENBERG STUDIO ("DVF"), having moved for a Temporary Restraining Order, Seizure Order, Order Restraining Assets, Order Sealing File, Order for Expedited Discovery and Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that Defendants are manufacturing, importing, exporting, distributing, offering for sale and/or selling goods bearing counterfeit reproductions of DVF's federally registered trademarks, and trade names as listed in DVF's Complaint filed concurrently herewith and incorporated herein by reference (collectively, the "DVF Marks"), all of which are owned and controlled by DVF, and the Court having reviewed the complaint, memorandum of law, supporting declarations and exhibits submitted therewith, the Court

1



finds:

1. DVF is likely to succeed in showing that Defendants have used and are continuing to use counterfeits of the DVF Marks in connection with the manufacture, import, export, distribution, offer for sale and/or sale of counterfeit versions of Plaintiff's high-end branded luxury dresses bearing the DVF Marks (the "Counterfeit Products");

2. The manufacture, import, export, distribution, offer for sale and/or sale of the Counterfeit Products will result in immediate and irreparable injury to DVF if seizure of the Counterfeit Products and the records pertaining thereto is not ordered;

3. Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make the Counterfeit Products and business records relating thereto inaccessible to the Court if DVF were to proceed on notice to Defendants, thus frustrating the ultimate relief DVF seeks in this action;

4. DVF's harm from denial of the requested *ex parte* seizure order outweighs the harm to Defendants' legitimate interests from granting such an order;

5. DVF has represented that it has not publicized the requested seizure order;

6. DVF has provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

7. DVF has demonstrated the location at which Defendants are offering for sale and/or selling the Counterfeit Products and are likely to be holding the business records relating thereto; and

8. Entry of an order other than an *ex parte* seizure order would not adequately achieve

the purposes of the Lanham Act to preserve DVF's remedies for trademark counterfeiting, including, *inter alia*, destruction of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to DVF of lost profits or damages.

9. DVF has demonstrated that Defendants may take action to transfer their assets and thus avoid an accounting of Defendants' profits from their unlawful activities.

IT IS HEREBY ORDERED that Plaintiff's motion for order to show cause is **DENIED**. Plaintiff's Motion for Preliminary Injunction shall be heard on January 3, 2007 at 1:30 p.m. in Courtroom 13B, in the United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida.

IT APPEARING to the Court that Defendants are manufacturing, distributing, offering for sale and/or selling the Counterfeit Products and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on DVF's application for a preliminary injunction, Defendants, including Defendants RUDOLPH STROUD a/k/a RUDY STROUD d/b/a SASHABOUTIQUE d/b/a HIGH_END_7564 d/b/a SUNNYFLORIDA26@YAHOO.COM, VARIOUS JOHN DOES, JANE DOES, AND XYZ COMPANIES (UNIDENTIFIED), their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

(a)(i) using the DVF Marks or any reproduction, counterfeit, copy or colorable imitation of the DVF Marks in connection with the manufacture, import, export, distribution, advertisement, offer for sale and/or sale of merchandise not the genuine products of DVF,

3

or in any manner likely to cause others to believe that the Counterfeit Products are connected with DVF or DVF's genuine merchandise bearing the DVF Marks; and

(ii)     passing off, inducing or enabling others to sell or pass off any apparel, luxury goods or other items that are not DVF's genuine merchandise, as and for DVF's genuine merchandise; and

(iii)    committing any other acts calculated to cause purchasers to believe that Defendants' products are DVF's genuine merchandise unless they are such; and

(iv)    shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner dresses or other items falsely bearing the DVF Marks, or any reproduction, counterfeit, copy or colorable imitation of same.

(b)     moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the DVF Marks or any reproduction, infringing, copy or colorable imitation thereof; or

(c)     removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing the DVF Marks or any reproduction, infringing, copy or colorable imitation thereof; and it is further

ORDERED, that within seven (7) days of the date of this Order, the United States Marshal for this District or any federal, state, county or local law enforcement officers, assisted by one or more attorneys or agents of DVF, is hereby authorized and directed to seize, impound and deliver to DVF or its representatives at 3224 Deerfield Dr., Tampa-Hillsborough County, FL 33619: (i) any and all unauthorized and unlicensed merchandise bearing the DVF Marks, as well as the means for

making same; (ii) the books and records relating thereto, including but not limited to records and data contained in electronic format on computers, servers, hard drives, zip drives and/or disks, and the computers, hard drives, zip drives and/or disks containing such information; and (iii) the containers or vehicles in which same are held or transported, which Defendants sell, attempt to sell or hold for sale; and it is further

ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter 3224 Deerfield Dr., Tampa-Hillsborough County, FL 33619, and to inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents. The U.S. Marshals Service shall not be liable for any loss occasioned by the execution of this Order.; and it is further

ORDERED, that DVF's agents shall promptly inspect all items seized and, if any items are found to be authorized products, such items are to be returned to Defendants within ten (10) business days after the date this Order is executed; and it is further

ORDERED, that the search and seizure ordered herein may be photographed or videotaped for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect for ten days from the date of this Order, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that any merchandise or means of making such merchandise or records and other items seized shall be appropriately tagged to permit identification; Defendants shall be given a receipt therefore; such merchandise, records or other items seized shall be impounded in the custody

or control of DVF or DVF's agents as substitute custodian for the Court pending further order of this Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to DVF's counsel, Defendants and Defendants' attorneys of record, who shall all be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within five (5) business days of the date this Order is executed. This protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the motion for preliminary injunction, unless extended by Court order, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and it is further

ORDERED, that DVF shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure attempted seizure, or restraint hereunder; and it is further

ORDERED that the above seizure shall take place and service of this Order together with the Summons and Complaint, shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' place of business or residence or where Defendants are selling or holding for sale the items to be seized and the records relating thereto, and that such service shall be made and such seizure shall take place within seven (7) days from the date of this Order or at such time as may be extended by this Court; and it is further

ORDERED, that DVF's counsel file with the court within ten (10) business days after the seizure is executed an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and it is further

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, including but not limited to RUDOLPH STROUD a/k/a RUDY STROUD d/b/a SASHABOUTIQUE d/b/a HIGH_END_7564 d/b/a SUNNYFLORIDA26@YAHOO.COM, VARIOUS JOHN DOES, JANE DOES, AND XYZ COMPANIES (UNIDENTIFIED), and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of Defendants, without application to and prior approval of the Court, except as to any assets to which Plaintiff and a Defendant stipulate in writing, filed with the Court, and approved by the Court; and it is further

ORDERED, that upon two (2) days written notice to the Court and DVF's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets, including the following modifications:

(1) allowing payments for ordinary living expenses not to exceed four thousand dollars ($4,000) per month, with an accounting of such payments to be filed with the Court and provided to DVF within ten (10) days following the end of each month;

(2) allowing Defendant to pay ordinary, legitimate business expenses as follows:

(a) rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such Defendant or company, upon presentation of said lease or loan document to DVF's counsel and verification thereof;

(b) ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendant as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that Defendant shall first present to DVF's counsel written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed;

(c) ordinary and necessary bills for utilities;

(d) payments of any amounts less than two thousand dollars ($2,000), not to exceed an aggregate of more than five thousand dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to DVF's counsel within ten (10) days following the end of each month;

(3) Defendants shall provide DVF's counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for DVF by delivering copies thereof to the offices of Greenberg Traurig, LLP, 1221 Brickell Avenue, Miami, FL 33131, Attention: Jacqueline Becerra, Esq., before 5:00 p.m. on December 29, 2006; and it is further

ORDERED, that discovery herein may begin immediately and DVF be permitted, immediately after service of the Court's Order, to inspect and copy Defendants' records of the purchase, manufacture, importation and sale of the Counterfeit Products and thereafter, to take depositions of the persons responsible for Defendants' business; and it is finally

ORDERED, that pursuant to 15 U.S.C. § 1116(d)(8) this action shall remain sealed by the Court until the date Plaintiff serves Defendant as herein provided. Immediately following service upon Defendant, Plaintiff shall file proper return of service with the Court, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order, and may otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

Accordingly, Plaintiff's *Ex Parte* Application for a Temporary Restraining Order, Seizure Order, Order Restraining Assets, Order Sealing File, Order for Expedited Discovery and Order to Show Cause for Preliminary Injunction is **GRANTED IN PART** as set forth herein.

**DONE AND ORDERED** in Tampa, Florida, this 15th day of December, 2006 at 5:10 P.M.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Plaintiff's Counsel
U.S. Marshal